RIDOUT & LYON, LLP
CHRISTOPHER P. RIDOUT (State Bar No. 143931)
    Email: c.ridout@ridoutlyonlaw.com
DEVON M. LYON (State Bar No. 218293)
    Email: d.lyon@ridoutlyonlaw.com
CALEB LH MARKER (State Bar No. 269721)
    Email: c.marker@ridoutlyonlaw.com
555 E. Ocean Blvd., Suite 500
Long Beach, California 90802
(562) 216-7380 Telephone
(562) 216-7385 Facsimile

ZIMMERMAN REED, PLLP
CAROLYN G. ANDERSON (State Bar No. 275712) (*pro hac vice pending*)
    Email: cga@simmreed.com
1100 IDS Center, 80 South 8th Street
Minneapolis, Minnesota 55402
(612) 341-0400 Telephone
(612) 341-0844 Facsimile

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

REBECCA MITCHELL, individually and on behalf of all others similarly situated,

      Plaintiff,

      vs.

SONY COMPUTER ENTERTAINMENT AMERICA, LLC, a Delaware limited liability company, SONY COMPUTER ENTERTAINMENT AMERICA, INC., a Delaware corporation, SONY CORPORATION OF AMERICA, a New York corporation, and DOES 1 through 50, inclusive,

      Defendants.

CASE NO: CV11 03601 JHN SSx

**COMPLAINT (CLASS ACTION)**

1) NEGLIGENCE;

2) BREACH OF CONTRACT TO A THIRD PARTY BENEFICIARY; AND

3) BREACH OF IMPLIED CONTRACTS.

(JURY TRIAL DEMANDED)

Plaintiff Rebecca Mitchell (hereinafter "Plaintiff" or "Mitchell") brings this action, by and through her undersigned counsel, on behalf of herself and all other similarly situated persons in the class defined below, based upon information and

1    belief and the investigation of counsel, except for information based upon personal
2    knowledge, and hereby allege as follows:

### I.    NATURE OF ACTION

4    1.    Plaintiff brings this class action on her own behalf and on behalf of all
5    persons in the United States against Sony Computer, SCEA, and Sony USA
6    (collectively referred to as the "Defendants") to redress Defendants' failure to
7    adequately safeguard certain personal identification and financial information and
8    related data.    More specifically, this action arises from Defendants' failure to
9    maintain adequate computer security of consumers': (i) credit and debit card
10   information ("Financial Data"); (ii) full names, addresses, e-mail addresses,
11   birthdates, usernames, passwords, logins, security questions, and other related
12   information (collectively "Personal ID" information); and PlayStation Network
13   purchase and usage history ("Usage Data"), all of which was accessed and stolen by
14   computer hackers.

15   2.    As reported in The Wall Street Journal on April 26, 2011, "[a] hacker
16   stole the names, birth dates and possibly credit-card numbers for 77 million people
17   who play online videogames through Sony Corp.'s PlayStation console, in what
18   could rank among the biggest data breaches in history."

19   3.    Because of Defendants' actions, millions of their customers have had
20   their Financial Data, Personal ID, and Usage Data compromised, have had their
21   privacy rights violated, have been exposed to the risk of fraud and identity theft, and
22   have otherwise suffered damages.

### II.    JURISDICTION AND VENUE

24   4.    This Court has jurisdiction over this action pursuant to 28 U.S.C §
25   1332(d), as the matter in controversy exceeds $5 million, Plaintiff has diverse
26   citizenship from Defendants, and none of the exceptions apply.

27
28

5.     Venue is appropriate in this Court.   Upon information and belief, Defendant Sony Computer maintains a principal place of business and its "nerve center" in Santa Monica, California, which is in this Judicial District. Defendants transact business in this Judicial District and certain events and conduct giving rise to the claims in this action occurred in this Judicial District.   Each Defendant has sufficient minimum contacts in the State of California or otherwise intentionally prevails itself of the California market through television, radio and internet advertising located in California and other activities, so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

### III.   THE PARTIES

6.     Plaintiff Rebecca Mitchell is an adult individual who resides in the State of Michigan, County of Ingham.

7.     At relevant times during the class period, Mitchell maintained a subscription to and was a member of The PlayStation Network.

8.     Sony Computer Entertainment America, LLC ("Sony Computer") is a Delaware limited liability company with its principal place of business located in Santa Monica, California and Foster City, California.  Sony Computer is registered with the California Secretary of State (ID No.: 201009810380), maintains an office at 919 East Hillsdale Boulevard, Foster City, California 94404 and its resident agent as CSC – Lawyers Incorporation Service, located at 2730 Gateway Oaks Drive, Suite 100, Sacramento, California 95833.

9.     Sony Computer Entertainment America, Inc. ("SCEA") is a Delaware corporation with its principal place of business located in Santa Monica, California and Foster City, California.  SCEA is registered with the California Secretary of State (ID No.: C2000428), maintains an office at 919 East Hillsdale Boulevard, Foster City, California 94404 and its resident agent as CSC – Lawyers Incorporation

1  Service, located at 2730 Gateway Oaks Drive, Suite 100, Sacramento, California

2  95833.

3       10.   Sony Computer and SCEA were founded in 1994 and are wholly owned

4  subsidiaries of Sony USA. Among their    principal products and offerings is the

5  PlayStation 3 video game console.

6       11.   Sony Corporation of America, Inc. ("Sony USA") is a New York

7  corporation with its principal place of business located at 550 Madison Avenue, 27th

8  Floor, New York, NY 10022. Sony USA is registered with the California Secretary

9  of State (ID No.: C0401803) and lists its resident agent as CSC – Lawyers

10  Incorporation Service, located at 2730 Gateway Oaks Drive, Suite 100, Sacramento,

11  California 95833.

12       12.   Sony USA is the U.S. subsidiary of Sony Corporation, headquartered in

13  Tokyo, Japan. Sony USA is a leading manufacturer of audio, video,

14  communications, and information technology products for the consumer and

15  professional markets. Its motion picture, television, computer entertainment, music

16  and online businesses make Sony one of the most comprehensive entertainment and

17  technology companies in the world. Sony's principal U.S. businesses include Sony

18  Electronics Inc., Sony Computer, Sony Pictures Entertainment Inc., and Sony Music

19  Entertainment. Sony recorded consolidated annual sales of approximately $78 billion

20  for the fiscal year ended March 31, 2010, and it employs 167,900 people worldwide.

21       13.   Plaintiffs are informed and believe that Defendants regularly conduct

22  business in the State of California directly or indirectly through subsidiaries owned,

23  licensed, operated, administered, managed, directed and/or controlled in the State of

24  California.

25                         **IV. FACTUAL ALLEGATIONS**

26       14.   The PlayStation is a video game console first launched by Defendants in

27  1994. Defendant's current version, the PlayStation 3, was released in 2006 and has

28

1   sold over 47.9 million units worldwide.  The PlayStation 3 features motion controls

2   in games, a Blu-ray Disc player, high-definition graphics, a large internal hard drive

3   storage disk, and Internet networking capabilities.

4         15.   As a complement to the PlayStation 3, Defendants launched The

5   PlayStation Network ("PSN") in 2006 as an online service that, among other

6   features, allows video game players to engage in multiplayer gaming online (i.e., two

7   individuals could compete against each other in the same video game via an Internet

8   connection as opposed to being in the same room).  The PSN currently has over 69

9   million users worldwide as of January 25, 2011.

10         16.   In addition to the online multiplayer gaming, the PSN also comprises an

11   online virtual market where users can purchase video games, add-on content, demos,

12   themes, and game and movie trailers.  As of September 2009, there have been over

13   600 million downloads from the PSN store.

14         17.   Defendants describe the PSN as follows:

> PSN is the only online console service with over 60 million registered
> accounts worldwide and continues to evolve with tons of great new
> content and services such as digital comics and minis, and original
> programming. With PlayStation Network, users can also rent or
> purchase one of over 27,800 of their favorite movies and TV shows,
> including HBO hit shows like True Blood, Curb Your Enthusiasm and
> Entourage, as well as download games and demos from the
> PlayStation®Store. In addition, users have access to thousands of
> streaming movies and TV shows from Netflix and can watch their
> favorite teams with MLB.tv live sports streaming. PlayStation
> Network is also the only service to offer access to PlayStation®Home,
> PlayStation's social game platform where millions gather to socialize
> with friends, access any number of over 100 games that are ready to
> play, and personalize their own individual spaces.

23         18.   When registering and/or joining the PSN, individuals provide various

24   Financial Data and Personal ID to Defendants.  Defendants continually monitor and

25   record individuals' activities and purchases on the PSN and maintain said Usage

26   Data in various computer databases.

27

28

19.   On April 26, 2011, Defendants issued a "Consumer Alert" informing the public that Defendants "discovered that between April 17 and April 19, 2011, certain PlayStation Network and Qriocity service user account information was compromised in connection with an illegal and unauthorized intrusion into our network."

20.   Defendants' Consumer Alert also contained the following:

Although we are still investigating the details of this incident, we believe that an unauthorized person has obtained the following information that you provided: name, address (city, state, zip), country, email address, birthdate, PlayStation Network/Qriocity password and login, and handle/PSN online ID. It is also possible that your profile data, including purchase history and billing address (city, state, zip), and your PlayStation Network/Qriocity password security answers may have been obtained. If you have authorized a sub-account for your dependent, the same data with respect to your dependent may have been obtained. While there is no evidence at this time that credit card data was taken, we cannot rule out the possibility. If you have provided your credit card data through PlayStation Network or Qriocity, out of an abundance of caution we are advising you that your credit card number (excluding security code) and expiration date may have been obtained.

21.   Thus, although the data breach occurred between April 17-19, 2011, Defendants did not inform the public of the breach until April 26, 2011.

22.   Defendants' Consumer Alert specifically noted that "[w]hile there is no evidence at this time that credit card data was taken, we cannot rule out the possibility."

23.   On April 26, 2011, The Wall Street Journal, in an article titled "Hacker Raids Sony Videogame Network", noted that the breach could rank among the biggest in history.

24.   The Wall Street Journal article speculated that the stolen data might be used to trick victims into disclosing more valuable information about themselves. In addition, the article noted that the online videogame accounts have black market value, especially if the accountholder is a skilled video game player with access to higher levels and desirable virtual goods.

25.   The Wall Street Journal also reported that there is speculation that the breach was in retaliation of Defendants' lawsuit against George Hotz, a popular hacker. Mr. Hotz had previously released code on the Internet to allow programmers to run their own homemade games, as well as pirated ones, on the PlayStation 3.

26.   In addition to the Defendants and their outside cyber-security experts, the security breach is currently being investigated by the Federal Bureau of Investigation in San Francisco and other law enforcement agencies.

27.   Plaintiff Rebecca Mitchell has been a member of the PSN since 2009 and has provided certain Financial Data and Personal ID to the Defendants by virtue of her membership in the PSN. Likewise, Defendants maintain Usage Data related to Plaintiff's purchases and online activity at the PSN. Thus, as a result of Defendants' actions, Plaintiff has had her Financial Data, Personal ID, and Usage Data compromised, she has had her privacy rights violated, and she has been exposed to increased risk of fraud and identity theft.

## V.   CLASS ACTION ALLEGATIONS

28.   This action is brought as a class action and may properly be so maintained pursuant to Fed. R. Civ. P. 23 and other applicable rules of civil procedure.

29.   **Class Definition**: The Class sought to be represented in this action is defined as follows:

> All persons in the United States who have had their personal or financial data stolen or placed at risk of being stolen from The PlayStation Network's computer systems, and who were or may be damages or who allege damage therefrom (hereinafter, the "Class").

The Class Period dates back four years (or the length of the longest applicable statute of limitations for any claim asserted) from the date this action was originally filed and continues through the present and the date of judgment. Excluded from the Class are: (a) any officers, directors or employees of the Defendants; (b) any judge assigned to hear this case (or spouse or family member of any assigned judge); (c) any employee of the Court; (d) any juror selected to hear this case.

30.   **Numerosity of the Class.** Members of the class and subclass are so numerous that their individual joinder herein is impracticable. The precise number of members of the class and subclass and their addresses are presently unknown to Plaintiff, but is believed to each exceed 1 million people. The precise number of persons in the class and their identities and addresses may be ascertained from Defendants' records. If deemed necessary by the Court, members of the class may be notified of the pendency of this action by mail and/or e-mail.

31.   **Ascertainable Class.** The proposed Class is ascertainable. The litigation of the questions of fact and law involved in this action will resolve the rights of all members of the Class and hence, will have binding effect on all class members. These Class Members can be readily identified from business records, billing systems, and other electronic records of the Defendants and other means readily available to the Defendants, and thus by the Plaintiff, through minimally intrusive discovery. The class is numerous. Joinder of all class members is impracticable due to the relatively small monetary recovery for each class member in comparison to the costs associated with separate litigation.

32.   **Common Questions of Fact and Law Exist and Predominate over Individual Issues.** There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. These common questions of law and fact exist as to all members of the class and predominate over the questions affecting only

individual members of the class.  These common legal and factual questions include without limitation:

    a.  whether Defendants acted negligently in failing to properly safeguard Class members' financial and personal data;

    b.  whether Defendants violated industry standards concerning the handling and storage of Class members' financial and personal data;

    c.  whether Defendants failed to notify Class members of the security breach as soon as practical after the breach was discovered;

    d.  whether Defendants breached express or implied contracts by failing to properly safeguard Class members' financial and personal data;

    e.  whether Defendants engaged in unfair practices by failing to properly safeguard customers' financial and personal data;

    f.  whether Defendants violated California Business and Professions Code Section 17200 et seq. were willful or knowing violations; and

    g.  whether Plaintiff and the Class have been damaged, and, if so, what types of damages flowed from Defendants' unlawful conduct.

33.  **Typicality.**  The claims of Plaintiff are typical of the claims of the Class, as the claims of Plaintiff and all Class members arise from the same set of facts regarding Defendants' failure to protect Class members personal and financial data.  Plaintiff maintains no interest antagonistic to the interests of other Class members.  The relief sought is common, unitary, and class-wide in nature.

34.  **Adequacy.** The named Plaintiffs are adequate representatives of the Class on whose behalf this action is prosecuted.  Plaintiffs' interests do not conflict with the interests of the Class.  Plaintiffs have retained competent counsel with experience in class action litigation and will prosecute this action vigorously.  As a result, Plaintiffs can fairly and adequately represent and protect the interests of the class in that there are no

conflicts between their interests and the interests of other class members, this action is not collusive, the named Plaintiffs and their counsel have the necessary resources to litigate this action, and counsel has the experience and ability required to prosecute this case as a class action.

35. **Community of Interest**. The proposed Class has a well defined community of interest in the questions of fact and law to be litigated. The common questions of law and fact are predominant with respect to the liability issues, relief issues and anticipated affirmative defenses. The named Plaintiffs have claims typical of the Class members.

36. **Superiority of Class Adjudication**. The certification of a class in this action is superior to the litigation of a multitude of cases by members of the putative class. Class adjudication will conserve judicial resources and will avoid the possibility of inconsistent rulings. Equity dictates that all persons who stand to benefit from the relief sought herein should be subject to the lawsuit and hence subject to an order spreading the costs of the litigation among the class members in relationship to the benefits received. The economic damages, restitution and other potential recovery for each individual member of the Class are modest, relative to the substantial burden and expense of individual prosecution of these claims. Given the amount of the individual class members' claims, few, if any, class members could afford to seek legal redress individually for the wrongs complained of herein. Individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

37. In the alternative, the above-referenced class may be certified because:

a. The prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual class members' claims which would establish incompatible standards of conduct for Defendants;

b. The prosecution of separate actions by individual members of the Class would create a risk of adjudications which would as a practical matter be dispositive of the interests of other members of the class who are not parties to the adjudications, or which would substantially impair or impede the ability of other class members to protect their interests; and,

c. Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final and injunctive relief with respect to the class.

## VI. FIRST CAUSE OF ACTION

### NEGLIGENCE

### (As To All Defendants)

38.    Plaintiff fully incorporates by reference herein all of the above paragraphs, as though fully set forth herein.

39.    Defendants assumed a duty, and had duties imposed upon them by regulations, to use reasonable care to keep Class members' Financial Data, Personal ID, and Usage Data private and secure. By their acts and omissions described herein, Defendants unlawfully breached this duty. The Class was damaged thereby.

40.    The private information of the Class that was stolen or compromised by the breach of Defendants' security includes, without limitation, information that was being improperly stored and inadequately safeguarded in violation of, among other things, industry rules and regulations.

41.   Defendants also failed to comply with Card Operating Regulations, including but not limited to the following:

    a.    The "Visa USA Cardholder Information Security Program (CISP)," which is similar to the PCI standards program.

    b.    The MasterCard International Bylaws and Rules, section 9.15.3 titled "Account, Cardholder and Transaction Data Must Be Kept Secure," which states: Merchants . . . must keep all systems and media containing MasterCard account, cardholder, or transaction information (whether physical or electronic) in a secure manner so as to prevent access by, or disclosure to any unauthorized party. Merchants . . . must destroy all media not necessary to retain, in a manner that will render the data unreadable. Defendants violated this requirement because they failed to maintain customer information in a "secure manner so as to prevent access by . . . any authorized party." Defendants also failed to "destroy all media not necessary to retain."

    c.    The MasterCard International Bylaws and Rules, section 9.15.7 titled "Storage of Account, Cardholder, and Transaction Data," which states: MasterCard permits storage of only the card account number, expiration date, cardholder name, and service code, in a secure environment to which access is limited, and then only to the extent that this data is required for bona fide purposes and only for the length of time that the data is required for such purposes. Defendants violated this requirement because they failed to store cardholder information in a secure environment to which access was limited. Defendants also stored cardholder

1             information for longer than necessary to complete the bona fide

2             purpose for which the information was obtained.

3      42.     The Card Operating Regulations created a duty of reasonable care and a

4 standard of care that Defendants violated. Defendants' violations of those standards

5 and regulations, among others, constitute negligence per se.

6      43.     The breach of security was a direct and proximate result of Defendants'

7 failure to use reasonable care to implement and maintain appropriate security

8 procedures reasonably designed to protect the nonpublic information of the Class.

9 This breach of security and resulting unauthorized access to nonpublic information

10 of the Class was reasonably foreseeable by Defendants, particularly (but not

11 exclusively) in light of Defendants' litigation against a well-known and popular

12 hacker.

13      44.     Defendants were in a special fiduciary relationship with the Class by

14 reason of their entrustment with Financial Data, Personal ID information, and Usage

15 Data. By reason of this fiduciary relationship, Defendants had a duty of care to use

16 reasonable means to keep the nonpublic information of the Class private and secure.

17 Defendants unlawfully breached this duty.

18      45.     Pursuant to Class members' rights to privacy, Defendants had a duty to

19 use reasonable care to prevent the unauthorized access, use, or dissemination of

20 Class members' nonpublic information. Defendants unlawfully breached this duty.

21      46.     Defendants' failure to comply with industry standards and regulations,

22 the magnitude of the data breach (the largest in history), and the significant delay

23 between the date of the intrusion and the date Defendants informed the public of the

24 breach, all serve as concrete evidence of Defendants' negligence and other wrongful

25 conduct in failing adequately to safeguard and monitor Defendants' computer

26 systems to ensure the security of its customers' personal and financial data.

27

28

47.   The compromise of the Class' nonpublic information, and the resulting burden, fear, anxiety, emotional distress, loss of time spent seeking to prevent or undo any further harm, and other economic and non-economic damages to the Class were the direct and proximate result of Defendants' violations of their duties.

48.   Defendants also had a duty to publicly disclose the data compromise in a timely manner. Timely public disclosure was required so that, among other things, Plaintiffs and Class members could take appropriate measures to avoid unauthorized charges on their accounts, cancel or change usernames and passwords on compromised accounts, change their drivers' license numbers or state and military identification numbers, and monitor their account information and credit reports for fraudulent activity.

49.   Defendants breached this duty by failing to notify the public in a timely manner that information was compromised.

50.   Class members were harmed by Defendants' delay because, among other things, fraudulent charges have been made to Class members' accounts, and Class members have incurred time and money to dispute the charges with their banks.   In addition, Class members have been unable to use The PlayStation Network since the initial breach, an essential service they expected to be able to utilize with the purchase of a PlayStation 3 at a significant cost.

51.   Defendants knew or should have known that their computer systems for processing and storing Financial Data, Personal ID, and Usage Data information had security vulnerabilities. Defendants were negligent in continuing such data processing and storage in light of those vulnerabilities and the sensitivity of the data.

52.   As a direct and proximate result of Defendants' conduct, Class members suffered damages including, but not limited to, those set forth above.

53.    Plaintiffs and Class members have not in any way contributed to the security breach at The PlayStation Network or to the compromise or theft of their personal and financial data.

## VII. SECOND CAUSE OF ACTION

## BREACH OF CONTRACT TO A THIRD PARTY BENEFICIARY

### (As To All Defendants)

54.    Plaintiff fully incorporates by reference herein all of the above paragraphs, as though fully set forth herein.

55.    Upon information and belief, Plaintiffs and the Class are third party beneficiaries of contracts entered into between Defendants and various third parties. These contracts require that Defendants safeguard the personal and financial information of Plaintiffs and the Class.

56.    Defendants breached these contracts, and, as a result of these breaches, Plaintiffs and the Class have been harmed as alleged herein.

## VIII. THIRD CAUSE OF ACTION

## BREACH OF IMPLIED CONTRACTS

### (As To All Defendants)

57.    Plaintiff fully incorporates by reference herein all of the above paragraphs, as though fully set forth herein.

58.    When providing personal and financial information to Defendants in order to transact business with Defendants and utilize The PlayStation Network, Plaintiff and the Class entered into implied contracts with Defendants such that Defendants would safeguard this information and notify them promptly of any and all theft of this information.

59.    Without such implied contracts, customers (including Plaintiff and the Class) wo uld not have used their personal and financial information to transact business with Defendants.

60.     Defendants breached these implied contracts, and, as a result of these breaches, Plaintiff and the Class have been harmed as alleged herein.

## IX.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Rebecca Mitchell, as an individual and on behalf of those similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

A.     that this Court certify the class and appointing Plaintiff Rebecca Mitchell and her counsel to represent the Class in this litigation;

B.     that this Court enter judgment in favor of Plaintiff and the Class, and against Defendants under the legal theories alleged herein;

C.     that this Court award damages to Plaintiffs and the Class under the legal theories alleged herein;

D.     that this Court award injunctive relief, including but not limited to: (i) the provision of credit monitoring and/or credit card monitoring services for the Class; (ii) the provision of identity theft insurance for the Class; and (iii) the requirement that Defendants enhance the security of its computer system to minimize the likelihood of intrusions in the future;

E.     that this Court award restitution to the Plaintiff and the Class;

F.     that this Court award attorneys' fees, expenses, and costs of this suit;

G.     that this Court award Plaintiffs and the Class pre-judgment and post-judgment interest at the maximum rate allowable by law; and

H.     that this Court award further relief as it deems equitable, just and proper.

1

## X.   JURY DEMAND

2      Plaintiff demands a trial by jury for all issues so triable.

3

4                                    Respectfully submitted,

5                                    RIDOUT & LYON, LLP

6      Dated: April 27, 2011      By:

7                                    Christopher P. Ridout, CA Bar No. 143931
                                     Devon M. Lyon, CA Bar No. 218293
8                                    Caleb LH Marker, CA Bar No. 269721
                                     555 E. Ocean Boulevard, Suite 500
9                                    Long Beach, CA  90802
                                     (562) 216-7380 Telephone
10                                   (562) 216-7385 Fax

11                                   Carolyn G. Anderson, MN Bar No. 275712
                                     ZIMMERMAN REED, PLLP
12                                   1100 IDS Center, 80 South 8th Street
                                     Minneapolis, Minnesota 55402
13                                   (612) 341-0400 Telephone
                                     (612) 341-0844 Fax
14                                   *Subject to Admission Pro Hac Vice*

15                                   **Attorneys for Plaintiff**

16

17

18

19

20

21

22

23

24

25

26

27

28

---

COMPLAINT (CLASS ACTION)                                              17

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Jacqueline Nguyen and the assigned discovery Magistrate Judge is Suzanne H. Segal.

The case number on all documents filed with the Court should read as follows:

## CV11- 3601 JHN (SSx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
| --- | --- | --- |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)       NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
RIDOUT & LYON, LLP
CHRISTOPHER P. RIDOUT (State Bar No. 143931)
555 E. Ocean Blvd., Suite 500
Long Beach, California 90802
(562) 216-7380 Telephone

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA MITCHELL, individually and on behalf of all others similarly situated,<br><br>PLAINTIFF(S)<br><br>v.<br><br>SONY COMPUTER ENTERTAINMENT AMERICA, LLC, a Delaware limited liability company, SONY COMPUTER ENTERTAINMENT AMERICA, INC., a Delaware corporation, SONY CORPORATION OF AMERICA, a New York corporation, and DOES 1 through 50, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11 03601 JHN SSx<br><br><br>SUMMONS |

TO:   DEFENDANT(S):   SONY COMPUTER ENTERTAINMENT AMERICA, LLC, a Delaware limited liability company, SONY COMPUTER ENTERTAINMENT AMERICA, INC., a Delaware corporation, SONY CORPORATION OF AMERICA, a New York corporation

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _____, whose address is _____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   APR 2 7 2011   _____

By: _____ CHRISTOPHER POWERS
        Deputy Clerk

        (Seal of the Court)

        1181

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Rebecca Mitchell, individually and on behalf of all other similarly situated | Sony Computer Entertainment America, LLC a Delaware limited liability company, Sony Computer Entertainment America, Inc., a Delaware corporation, Sony Corporation of America, a New York corporation, and DOES 1 through 50 |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Christopher P. Ridout (SBN 143931), RIDOUT & LYON, LLP 555 E. Ocean Blvd, Ste. 500, Long Beach, CA 90802 (562) 216-7380 | |

### II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. ORIGIN (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes   ☐ No        ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 U.S.C § 1332(d)

### VII. NATURE OF SUIT (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty ☐ 540 Mandamus/ Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☑ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco-mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**CV11 03601**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Rebecca Mitchell, Michigan |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| 1) Sony Computer Entertainment of America LLC, Los Angeles, CA; | Sony Corporation of America, Inc., New York |
| 2) Sony Computer Entertainment of America, Inc., Los Angeles, CA | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | San Mateo County, CA |
| | Michigan |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date April 27, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |